OPINION *Page 2 
{¶ 1} On July 14, 2005, the Richland County Grand jury indicted appellant, Danny Brown, Sr., on one count of having weapons under disability in violation of R.C. 2923.13. Said charge arose from a search of appellant's alleged residence wherein a firearm was found although appellant had been convicted of a drug abuse offense.
 {¶ 2} A jury trial commenced on September 11, 2006. At the close of the state's case-in-chief, appellant moved for an acquittal pursuant to Crim.R. 29. The trial court denied the motion. The jury found appellant guilty as charged. By sentencing entry filed September 14, 2006, the trial court sentenced appellant to three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT SHOULD HAVE GRANTED THE RULE 29 MOTION FOR ACQUITTAL."
 II {¶ 5} "THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I, II {¶ 6} Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal, and his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 7} We shall address both assignments of error collectively. Crim.R. 29 governs motion for acquittal. Subsection (A) states the following: *Page 3 
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 {¶ 1O} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 12} Appellant was convicted of having a weapon while under disability in violation of R.C. 2923.13(A)(3) which states the following: *Page 4 
 {¶ 13} "(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 14} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."
 {¶ 15} Appellant challenges his conviction upon the argument that the weapon in question was found at his former girlfriend's house which was not his place of residence. Therefore, appellant argues there was no evidence to support the finding he "had" a weapon while under disability.
 {¶ 16} When appellant was originally placed on probation, he listed his address as "294 Grace Street," the residence of his mother and stepfather. T. at 19. Later, appellant filled out a supervision form and listed his address as "248 Greendale Avenue," the residence of his former girlfriend, Shay Holland. T. at 19-21. In November of 2004, when Parole Officer Bruce Woodson went to the Grace Street address to check on appellant, appellant's stepfather told Mr. Woodson appellant used the Grace Street address for mailing, but lived at Greendale Avenue address. T. at 22. In January of 2005, when questioned as to appellant's whereabouts, appellant's mother told Mr. Woodson appellant was at the Greendale Avenue address. T. at 23. *Page 5 
 {¶ 17} After appellant was arrested at the probation office for being a "no-show," a search warrant was obtained for the Greendale Avenue address. T. at 24. The purpose of the warrant was to ascertain if appellant lived there and if there were any "illegal substances at the house." T. at 25.
 {¶ 18} Appellant did not have the keys to the residence at Greendale Avenue when he was arrested. T. at 25, 29. During the execution of the search warrant, a loaded firearm was found in a kitchen cabinet over the stove. T. at 29-30. A cell phone was also found in the same area as the firearm with appellant's mother's phone number in the directory listed as "mom." T. at 35, 50, 96. The last call made on the cell phone was to appellant's mother. T. at 97, 127. Appellant had been mailed a notice to appear from the Adult Parole Authority, and he had appeared for the scheduled appointment. T. at 36. The notice, along with appellant's clothing, was found in the house. T. at 36-37, 84.
 {¶ 19} Parole Officer Luke Mayer had observed appellant leaving the Greendale Avenue address and locking the door behind him. T. at 63-64, 68-69.
 {¶ 20} Ms. Holland testified she and appellant had a child together, and he babysat for her every day or every other day at her Greendale Avenue residence. T. at 89. She claimed she had never seen the firearm before, and was not aware that it was in her home. T. at 91-92. She also testified the cell phone was an old one that was not used. T. at 93. Ms. Holland stated appellant did not regularly receive mail at her address. T. at 102. A car belonging to appellant was found inside the garage. T. at 118. *Page 6 
 {¶ 21} Upon review, we find the totality of the state's evidence was sufficient to overcome a Crim.R. 29 motion for acquittal.
 {¶ 22} Appellant's challenge to the jury's verdict centers on the issue of how he could have had possession or been in control of the weapon when he did not live at Greendale Avenue address. We find there was sufficient evidence, although disputed, to establish that appellant may very well have lived at the Greendale Avenue address. Although his mother testified appellant lived at the Grace Street address, appellant received mail at the Greendale Avenue address, his clothes were there, he was seen leaving the residence and locking it up, and his stepfather had told Mr. Woodson he lived there. T. at 22, 36-37, 63-64, 68-69, 141-142.
 {¶ 23} Apart from this disputed issue, Ms. Holland admitted appellant was a daily visitor to her residence, and when questioned about the ownership of the firearm, she told Mr. Woodson to ask appellant. T. at 92.
 {¶ 24} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 25} Although the evidence is indeed circumstantial, it still is sufficient to support the conviction when viewed as a whole. Upon review, we find no manifest miscarriage of justice.
 {¶ 26} Assignments of Error I and II are denied. *Page 7 
 {¶ 27} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1